**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANDREINA ALCANTARA DE ARNO,**<br>**Petitioner,**<br>**v.**<br>**JOHN TSOUKARIS, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–12071–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Andreina Alcantara de Arno's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of the Dominican Republic. (ECF No. 4 p. 1.)

2. An immigration judge ordered petitioner's removal on April 13, 2026. (ECF No. 1–2 p. 2.) At that time, petitioner was detained in the Karnes County Immigration Processing Center in Texas. (*Id.*) She filed a petition for a writ of habeas corpus on April 27, 2026. (*Id.*)

3. District Judge Xavier Rodriguez grated the petition and ordered petitioner's release on July 20, 2026. (*Id.*); *see also Alcantara de Arno v. Karnes Cnty. Immigr. Processing Ctr.*, No. 5:26–cv–02790 (W.D. Tex. July 20, 2026).

4. Petitioner appealed the removal order to the Board of Immigration Appeals (BIA). (ECF No. 4–2.) The BIA denied the appeal on August 27, 2026. (*Id.*)

5. Petitioner was arrested and detained by Immigration and Customs Enforcement (ICE) on September 8, 2026 in New Jersey. (ECF No. 1–2 p. 1.) This Petition followed on September 14, 2026. (ECF No. 1.)

6. Respondents filed a letter on September 17, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1231(a) because she is subject to a final order of removal. (ECF No. 4 p. 1.)

7. Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the

United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

8. "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

9. Petitioner's order of removal became administratively final on August 27, 2026 after the BIA dismissed her appeal. Petitioner is presently well within the 90-day removal period, making her detention mandatory.[1]

Accordingly,

**IT IS** on this **24th** day of **September 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DENIED WITHOUT PREJUDICE**.

2. Any restrictions imposed by this Court on petitioner's location are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

---

[1] I note that my decision is limited to the facts alleged in the Petition. I express no opinion as to whether petitioner may be able to make out a prolonged detention claim or other challenge to her detention in the future, but nothing in this Opinion and Order shall be construed to prevent her from making the argument.